# Charlestown.

## STATE v. THOMAS.

### Decided September 7, 1878.

T. is indicted for unlawful retailing; the evidence is, that he with two others upon a street, was drinking, and when the supply was out, one of them asked T. to get some more whiskey, he replied: "I don't know, I will do the best I can;" he went away, and soon returned with a bottle of whisky, and handed it to one of them; there was no proof, that he received any pay for it. T. was found guilty, and fined $10.00. His motion to set aside the verdict, because it was contrary to the evidence, and to grant him a new trial, was overruled by the court and judgment rendered against him. HELD:

That the verdict should have been set aside, because there was *no* evidence to sustain it.

The county court of Monongalia county, on the 14th day of April, 1876, rendered a judgment against Samuel Thomas on an indictment for the unlawful selling of spirituous liquors; whereupon he obtained a writ of error from the circuit court to said judgment, and the circuit court affirmed the same.

This is a *supersedeas*, granted upon the petition of said Thomas, to the judgment of the said court, then rendered.

JOHNSON, JUDGE, furnishes the following statement of the case:

Samuel Thomas was, by the county court of Monongalia county, on the 29th day of December, 1875, indicted

for the unlawful selling of liquor. The indictment charged, that the defendant, "on the — day of ——, in the year 1875, in the said county, did in, along and upon Spruce street, in Morgantown, near the stables belonging to the Wallace House, unlawfully sell, offer and expose for sale, at retail, spirituous liquors, wine, porter, ale, beer and drinks of like nature, in less quantity than five gallons, without a license therefor, as required by law, against the peace and dignity of the State."

To the indictment the defendant pleaded not guilty, and in April, 1876, was tried and found guilty, and his fine, by the jury, fixed at $10.00. Thereupon he moved the court to set aside the verdict, and grant him a new trial, on the ground that the verdict was contrary to the evidence. Which motion the court overruled, and entered up judgment for the fine and costs. To the opinion of the court in overruling the motion for a new trial, the defendant excepted ; and the bill of exceptions sets out the evidence of the only witness examined in the case, as by said bill of exceptions appears.

The evidence is short and here inserted entire. The testimony of the witness, George C. Chalfant, is as follows: " Sometime during the year 1875, before the finding of the indictment against the defendant, now being tried, George Chalfant and Boyd Gould, who had been together some little time on Spruce street, near the stables belonging to the Wallace House, in Morgantown, in Monongalia county, West Virginia, had been drinking ; had a half-pint bottle, which was flat with a square on it, with whiskey in it, belonging to Chalfant; that the whiskey was used up, and that Gould, taking said bottle, handed it to defendant, who was there with them, and asked him to get some whiskey, and the defendant took the bottle from Gould and said : ' He didn't know, he would do the best he could,' and went away, leaving Gould and Chalfant together on the street near the foregoing stables ; in a short time defendant returned, and shortly after his return Gould handed the same bottle

filled with whiskey to Chalfant, who drank from it; knows it was whiskey."

Cross-examined by defendant's counsel: " I did not see Gould hand any money to defendant, nor did I see defendant hand the bottle back to Gould, after it had been filled with whiskey; don't know where the defendant got the whiskey, nor of whom, nor who paid for it, nor whether paid for at all; I had had a drink or two, before defendant went away with the bottle, but it did not affect me; I did not see double; there were not two bottles there; I have seen other bottles like the one I gave Gould, and which he gave defendant; I can't say that it was the same bottle."

Examination in chief resumed: " It looked like the same bottle; Gould was not out of my presence from the time he gave the bottle to defendant for whiskey, until he (Gould) handed it again to me, filled with whiskey, from which I drank; Gould and I were on the street near Wallace's stable during all the time spoken of, and no one else there at any time except defendant."

This is all the testimony.

To the judgment of the county court the defendant obtained from the judge of the circuit court of said county a *supersedeas*, which was on the 14th day of September, 1876, heard by the circuit court of said county, and the judgment of the county court *affirmed*, to which judgment of the circuit court the defendant obtained a writ of error from this Court.

*Robert White, Attorney-General*, for the State, referred to the following authorities:

6 Gratt. 712; 11 W. Va. 703; 12 W. Va. 116.

*P. H. Keek*, for plaintiff in error.

JOHNSON, JUDGE, delivered the opinion of the Court:

The only question presented by the record is : Should the verdict have been set aside?

1878
August Term.

State
v.
Thomas.

Is the evidence sufficient to support the verdict? It is unnecessary in this case to discuss the principles, governing motions to set aside verdicts, because it has never been held in any case, that a verdict should be permitted to stand, where there is *no* evidence to support it. The charge is, that defendant "did sell, offer and expose for sale" liquor. Can it be pretended from the evidence in this case, that the defendant did either? There is not a particle of evidence to sustain the charges.

A company of gentleman are in a room at a hotel; and one of them rings the bell, and a servant answers the summons; one of them, says to him: "Can't you bring us some liquor?" and he answers "I don't know, I will do the best I can;" and presently he returns with a bottle of whiskey. Will it be pretended, that in that case the servant could be indicted for selling liquor? Yet that is this case. There is nothing to show, that either Gould or Chalfant bought, or intended to *buy*, the liquor of the defendant Thomas. One of them handed the bottle to him, and "asked him to get some whiskey;" he took the bottle, and said "I don't know, I will do the best I can;" and went away and got the whiskey. All he did was to accommodate Gould and Chalfant. It may be, that he bought the liquor of some one, who had no right to sell it, if so, that man was the one, who ought to have been indicted.

There was no evidence to support the verdict; and it must be set aside. The judgment of the circuit court and also the judgment of the county court, rendered in the case are respectively reversed, the verdict of the jury set aside, and a new trial granted the defendant; and this case is remanded to the circuit court of Monongalia county, for further proceedings to be had in accordance with this opinion, and further according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.    CAUSE REMANDED.